FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 FEB 28 PM 3:26

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEVIN DEWIGHT HONESTY,   *

    Petitioner,   *

v.   *

UNITED STATES OF AMERICA,   *

    Respondent.   *

Civ. Action No. RDB-16-2244
Crim. Action No. RDB-02-545

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **MEMORANDUM OPINION**

On October 18, 2006, Petitioner Kevin Dewight Honesty ("Petitioner" or "Honesty") pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113 (Count Two) and carrying, brandishing, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Three). (Revised Judgment, ECF No. 50; Judgment, ECF No. 45.) On October 18, 2006, Petitioner was sentenced by Judge Benson E. Legg[1] to eighteen years of imprisonment as to Count Two and seven years of imprisonment, consecutively, as to Count Three, resulting in a total sentence of 25 years of imprisonment. (*Id.*) Now pending is a Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 57),[2] in which Petitioner argues that his § 924(c) conviction must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[3] This Court has reviewed the parties' submissions and no hearing is necessary.

---

[1] This case was ultimately reassigned from Judge Benson E. Legg to the undersigned upon Judge Legg's retirement.

[2] Petitioner's Motion Pursuant to the First Step Act and Any Other Provisions of Law Applicable (ECF No. 69) is also pending. This Memorandum Opinion does not address that Motion.

[3] Acting *pro se*, Petitioner submitted a Motion to Reopen the proceedings (ECF No. 59) and a Supplemental Motion (ECF No. 60). In its Order of December 20, 2018, this Court indicated that it would not consider these *pro se* filings because Petitioner was represented by the Office of the Public Defender. (ECF No. 61). This Court further instructed Petitioner's counsel "to confer with Petitioner regarding which claims,

*See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, the Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 57) is DENIED.

## BACKGROUND

On December 10, 2002, Petitioner Kevin Dewight Honesty ("Petitioner" or "Honesty") was charged in an eight-Count criminal indictment. (Indictment, ECF No. 1.) On October 18, 2006, Petitioner pled guilty to armed bank robbery, in violation of 18 U.S.C. § 2113 (Count Two) and carrying, brandishing, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). (Revised Judgment, ECF No. 50; Judgment, ECF No. 45.) On October 18, 2006, Petitioner was sentenced to eighteen years of imprisonment as to Count Two and seven years of imprisonment, consecutively, as to Count Three, resulting in a total sentence of 25 years of imprisonment. (*Id.*) The remaining charges were dismissed on the Government's motion. (*Id.*)

On June 21, 2016, Petitioner, through counsel from the Office of the Federal Public Defender, filed a Motion to Vacate Judgment under 28 U.S.C. § 2255. (ECF No. 57). The filing erroneously indicated that the "crime of violence" supporting Petitioner's § 924(c) conviction was conspiracy to commit bank robbery and sought vacatur in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (*Id.* at 1.) Subsequently, this Court ordered the parties to submit memoranda addressing the effect of *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) on Petitioner's Motion to Vacate. (ECF No. 61.) On February 25, 2019, the Officer of

---

if any, counsel wishes to add to the § 2255 Motion and to notify the Court." (ECF No. 61 at 1.) Neither Petitioner's counsel nor Petitioner sought to add new claims to the pending § 2255 motions or objected to the Court's Order. Accordingly, this Court will not consider the myriad arguments presented in the Petitioner's *pro se* filings.

the Federal Public Defender moved to withdraw as counsel for the Petitioner, noting that bank robbery—not conspiracy to commit bank robbery—served as the underlying "crime of violence" supporting Petitioner's § 924(c) conviction. Under *United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016), the filing conceded, bank robbery remains a "crime of violence" under 18 U.S.C. § 924(c)(3)(A). On February 28, 2019, this Court granted the Motion to Withdraw by marginal order. (ECF No. 67.) Subsequently, on March 4, 2019, the Government responded to Petitioner's Motion to Vacate, arguing that the Motion should be denied "for the same reasoning advanced by the FPD in its motion to withdraw." (ECF No. 68 at 3.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill*, 368 U.S. at 428).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant show[s] cause and actual prejudice resulting

3

from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

## ANALYSIS

Under § 924(c)(1)(A), an individual who uses or carries a firearm during a crime of violence faces a five-year mandatory minimum sentence which is enhanced to seven years if "the firearm is brandished." *United States v. McNeal*, 818 F.3d 141, 151 (4th Cir. 2016) (citing 18 U.S.C. § 924(c)). The statute defines a "crime of violence" as a federal offense that is a felony and

(A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A) & (B).

Subsection (A) is known as the "force clause" and Subsection (B) is known as the "residual clause." *McNeal*, 818 F.3d at 152. The United States Supreme Court recently held that the residual clause is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319 (2019); *see also Untied States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019) (en banc) (reaching the same conclusion). Accordingly, a "crime of violence" is defined solely by reference to the "force clause," and any predicate offense must meet this definition.

The United States Court of Appeals for the Fourth Circuit has held that armed bank robbery constitutes a "crime of violence" under § 924(c)(3)(A). *McNeal*, 818 F.3d at 157. This Court has applied this holding on numerous occasions. *See, e.g., Heard v. United States*, GJH-17-

4

153, 2018 WL 4733356, at *1 (D. Md. Oct. 2, 2018); *Nisseau-Bey v. United States*, Crim. Act. No. ELH-10-552, 2018 WL 1898261, at *2 (D. Md. Apr. 20, 2018). *McNeal*'s holding remains undisturbed by recent authorities interpreting the residual clause, § 924(c)(3)(B), because it concluded that armed bank robbery was a crime of violence under the force clause, § 924(c)(3)(A). *See, e.g., Harding v. United States*, ELH-02-0381, 2019 WL 4168867, at *3-4 (D. Md. Sept. 3, 2019) (holding that armed bank robbery may support a conviction under § 924(c) and that *United States v. Davis* did not disturb this conclusion).

As the Government and the Office of the Public Defender now acknowledge, the underlying "crime of violence" supporting Petitioner's § 924(c) charge was armed bank robbery. Under *McNeal*, armed bank robbery is a crime of violence. Accordingly, Petitioner's Motion to Vacate (ECF No. 57) is without merit and is DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate Judgment under 28 U.S.C. § 2255 (ECF No. 57) IS DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or

wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: February 28, 2020

_____

Richard D. Bennett
United States District Judge